JOHN G. CHAMBERS *v.* G. F. PENLAND.

A defendant in execution, whose homestead has been allotted to him by appraisers appointed by the sheriff, and who had appealed to the township trustees from such allotment, and afterwards withdrew his appeal, expressing himself satisfied, will not be permitted, after the sheriff's levy on the excess has been returned to court, by a motion in the cause, to set aside the levy and call in the execution, because one of the sheriff's appraisers married a cousin of the plaintiff's wife.

Such objection, to avail the defendant, must be made in apt time to the sheriff; and if not allowed by the sheriff, it ought to have been taken advantage of in an application to the township trustees; and if not allowed by them, it ought to have been taken advatage of by a petition, as in other special proceedings.

MOTION in the cause heard before his Honor, *Henry, J.*, at Spring Term, 1875, of BUNCOMBE Superior Court.

The following are substantially the facts agreed:

At Fall Term, 1874, a motion was made in the cause, to call

in an execution and set aside a levy. The motion was con-
tinued until Spring Term, 1875, when it was heard upon the
following state of facts, as appeared from the proofs and
affidavits :

The plaintiff had caused the defendant's homestead to be
laid off and a levy to be made upon the excess. Soon after
the homestead was laid off, the defendant applied to the town-
ship trustees to have it re-allotted, but subsequently withdrew
the application and declared himself satisfied with the allot-
ment. He then sold his homestead and recited in the deed
that it was the homestead set apart to him by the appraisers.

He now makes the motion. It appears and the facts are,
that one of the appraisers was related by marriage to the
plaintiff, having married a cousin of the plaintiff's wife. This
was known by the defendant at the time his homestead was
allotted.

The appraisers did not set apart any personal property
exemption. The defendant did not claim any, nor did he
exhibit any personal property to the appraisers.

The motion was overruled by the court, and the defendant
appealed.

No counsel in this court, for appellant.
*J. H. Merrimon,* contra.


READE J. It is the declared policy of the State to secure
every debtor a homestead who has one, although its effect
should be to inflict upon the creditor the hardship of losing
his debt. And therefore, the sheriff before levying, shall
have a homestead valued and laid off; and if the debtor is
dissatisfied he may apply to the township trustees, and have a
re-valuation and allotment. And the allotment of the trus-
tees may be set aside upon petition as in other special pro-
ceedings "for fraud, complicity or other irregularity. Bat.
Rev. chap. 55, secs. 2, 20, 24.

But after the debtor has had his rights passed upon and secured by these liberal provisions, there is no policy which encourages captious or trifling objections, thrown in the way of the creditor's pursuing his remedies against the excess, over and above the homestead. Such seems to be the character of the objections in this case, and they place the defendant in the position of appearing to be ungrateful for the favors shown *him ;* insensible to the resulting hardship upon the *plaintiff*, and disposed to add to it by expensive and vexatious delays.

The defendant's homestead was laid off by the sheriff. He applied to the trustees for a re-allotment. He withdrew that application. Expressed himself satisfied with the first allotment, and sold his homestead so allotted. He now seeks to stop the creditor's execution against the excess and have a re-allotment upon the ground that one of the sheriff's appraisers was the husband of a cousin of the plaintiff's wife, a fact which was known to defendant at the time, and not objected to; nor is it alleged that there was any "fraud or complicity or other irregularity."

This objection cannot avail the defendant for three reasons : (1) first, it was not made in apt time to the sheriff; (2) secondly, if not allowed by the sheriff it ought to have been taken advantage of in an application to the township trustees, as provided for in section 20 ; (3) thirdly, if not allowed by the trustees, then it ought to have been taken advantage of by a " petition, as in other special proceedings," under section 24.

There is no error. This will be certified.

PER CURIAM.                    Judgment affirmed.